IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EXPEDITED LOGISTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ROCKET TRANSPORT, LLC, and SMITH DRAY LINE & STORAGE CO., INC.,**<br>d/b/a **SMITH DRAY LINE MOVERS,**<br><br>**Defendants.** | Case No. 3:23-CV-3163-RJD-NJR |

## ORDER OF REMAND

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Report and Recommendation of Magistrate Judge Reona J. Daly, which recommends that the undersigned Chief District Judge remand this matter to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. (Doc. 28).

Defendant Smith Dray Line & Storage Co., Inc. ("Smith Dray") removed this action to federal court on September 20, 2023, on the basis of diversity and federal question jurisdiction. (Doc. 1). Four weeks after the case was removed, Plaintiff Expedited Logistics, LLC, and Smith Dray filed a Stipulation for Dismissal of all claims against Smith Dray. (Doc. 13). Contemporaneously with the Stipulation of Dismissal, Expedited Logistics filed a Motion to Remand (Doc. 12), asserting that Defendant Rocket Transport, LLC, did not join in the Notice of Removal, nor had it filed any responsive pleading despite being served. Given that Smith Dray was no longer a party to the action, and Rocket Transport had asserted no independent request for removal, Expedited Logistics asked the Court to remand the action to state court. (*Id.*).

Judge Daly held a hearing on the Motion to Remand on May 20, 2024 (Doc. 25), and subsequently entered the instant Report and Recommendation (Doc. 28). In the Report and Recommendation, Judge Daly concludes that there is no basis for diversity jurisdiction under 28 U.S.C. § 1332 because the Complaint seeks only a total of $28,254.28 in damages, which is well below the threshold of $75,000, exclusive of interest and costs, required for diversity cases to be heard in federal court. Judge Daly further concludes that while the Carmack Amendment may serve as a basis for federal question jurisdiction under 28 U.S.C. § 1331, removal based on federal question jurisdiction requires all served defendants to "join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Because Smith Dray did not obtain Rocket Transport's consent to the removal, the removal is defective and this case must be remanded.

Objections to the Report and Recommendation were due June 5, 2024, but no objections were filed. Where no party objects, this Court need only review a Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Finding no clear error, the Court **ADOPTS** Judge Daly's Report and Recommendation (Doc. 28) and **REMANDS** this action to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

DATED:   June 6, 2024

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**